JOSEPH E. COREIL, Judge Pro Tern.
This dispute involves a servitude of passage. Plaintiff, Felix Dejean, is the owner of a tract of land which adjoins land owned by Roy 0. Martin Lumber Company, and enjoys a servitude of passage to his tract of land through the said adjoining tract. Roy 0. Martin Lumber Company subsequently leased the property to Fritz Field Hunting Club, which placed a gate and deer stands on the right-of-way, and posted certain warning signs thereon. Plaintiff sued for injunctive relief, naming Roy 0. Martin Lumber Company and Fritz Field Hunting Club as defendants. The trial court granted partial relief to the plaintiff and denied the injunctive relief demanded by defendants. Plaintiff appeals the judgment of the trial court only insofar as it does not enjoin defendant hunting club from shooting deer located on the right-of-way.
Defendants did not answer the appeal and, therefore, the judgment of the trial court is final as to them.
FACTS
Plaintiff purchased a tract of land measuring approximately 182 acres in November of 1989. This tract was landlocked but a right-of-way was granted through the adjoining property owned by Roy 0. Martin *169 Lumber Company. This agreement was entered into between Roy 0. Martin Lumber Company and plaintiffs ancestor in title in May of 1977.
Fritz Field Hunting Club erected approximately eight deer hunting stands on the cleared right-of-way, placed a gate on the right-of-way near the entrance thereto which was kept locked, and posted signs instructing plaintiff and his guests not to use the right-of-way during certain hours during the deer hunting seasons.
In response, plaintiff filed a petition for injunction and damages, seeking, among other things, to enjoin Fritz Field Hunting Club from using the deer hunting stands on the right-of-way and from shooting deer located on the right-of-way. Defendants reconvened, requesting the trial court to enjoin the plaintiff from hunting on his property.
The trial court ruled as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that defendants in rule, FRITZ FIELD HUNTING CLUB and ROY 0. MARTIN LUMBER COMPANY INC., are hereby enjoined from placing a gate at the entrance of the servitude of passage in question herein.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants in rule, FRITZ FIELD HUNTING CLUB and ROY 0. MARTIN LUMBER COMPANY, INC., are hereby enjoined from placing deer hunting stands within the forty foot right of way granted to plaintiff in rule, FELIX A. DEJEAN, III, as a servitude of passage.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the request of defendants in rule, FRITZ FIELD HUNTING CLUB and ROY 0.
MARTIN LUMBER COMPANY, INC., for an injunction prohibiting plaintiff in rule, FELIX A. DEJEAN, III, from hunting on his property is hereby denied.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the sanctions requested against Thomas J. DeJean, attorney for plaintiff in rule, are hereby denied.”
Plaintiff correctly argues that removing the hunting stands from within the servitude, but allowing the shooting of deer on the servitude, especially in light of the use of high-powered rifles, does not remove the danger to someone using this right-of-way. Under La.C.C. art. 651[1] and La.C.C. art. 748[2], it is clear that more injunctive relief is necessary to eliminate interference with plaintiffs use of the servitude. If the owner of the servient estate cannot make the use of the servitude more inconvenient, he certainly cannot make its use more dangerous.
We find that it is proper for a preliminary injunction to issue in this case prohibiting hunting on the right-of-way. Accordingly, we amend the judgment of the trial court to order, adjudge and decree that defendants-in-rule, Fritz Field Hunting Club and Roy 0. Martin Lumber Company, are hereby enjoined from shooting deer on the right-of-way owned by Felix A. Dejean, III. In all other respects, the judgment of the trial court is affirmed.
Costs of this appeal are assessed to Fritz Field Hunting Club and Roy 0. Martin Lumber Company.
AFFIRMED, AS AMENDED.

. “Art. 651. Obligations of the owner of the servient estate
The owner of the servient estate is not required to do anything. His obligation is to abstain from doing something on his estate or to permit something to be done on it. He may be required by convention or by law to keep his estate in suitable condition for the exercise of the servitude due to the dominant estate. Acts 1977, No. 514, § 1.”

. "Art. 748. Noninterference by the owner of servient estate
The owner of the servient estate may do nothing tending to diminish or make more inconvenient the use of the servitude.
If the original location has become more burdensome for the owner of the servient estate, or if it prevents him from making useful improvements on his estate, he may provide another equally convenient location for the exercise of the servitude which the owner of the dominant estate is bound to accept. All expenses of relocation are borne by the owner of the servient estate.”